UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO ZAMBRANO-CAMACHO,<br><br>　　　　　Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Respondent. | Civil No. 06-CV-240-L<br>Criminal No. 05-CR-1102-L<br><br>**ORDER DISMISSING WITH**<br>**PREJUDICE PETITIONER'S**<br>**MOTION UNDER 28 U.S.C. § 2255**<br>**TO VACATE, SET ASIDE OR**<br>**CORRECT SENTENCE** |

　　　　On May 26, 2005, Petitioner was charged with one count of importation of marijuana in violation of 21 U.S.C.§§ 952 and 960. An information and a waiver of indictment were filed on June 28, 2005. On July 14, 2005, Petitioner entered a guilty plea pursuant to a plea agreement that he entered into with the United States. On October 3, 2005, the Court accepted Petitioner's guilty plea and sentenced Petitioner to a 24-month term of imprisonment followed by a term of supervised release of four years, as well as assigned a $100 special assessment.[1]

...

---

[1] The Court notes that Petitioner has completed his custodial sentence and was released from custody on February 16, 2007. Since Petitioner is still subject to supervised release, the instant motion is not automatically barred.

On January 27, 2006, Petitioner Ricardo Zambrano-Camacho ("Petitioner") filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. Respondent filed a response and opposition. No reply was submitted by Petitioner, and the time for doing so has expired. The Court has fully reviewed the record, the submissions of the parties, and the supporting exhibits and, for the reasons set forth below, **DISMISSES** Petitioner's motion.

## II.   ANALYSIS

In the instant motion brought under 28 U.S.C. § 2255, Petitioner contends that his counsel performed ineffectively in a number of ways: 1) by not objecting when the judge indicated that he was giving substantial weight to the sentencing guidelines; 2) by failing to object to the pre-sentence report when it did not include all information relevant to 18 U.S.C. § 3553(a); 3) by not informing Petitioner of the Government's burden of proof "regarding quantity"; 4) by not objecting to the untimely indictment and criminal complaint; and 5) by failing to object to the over-representation of Petitioner's criminal history. As will be discussed further below, Petitioner's claims are factually inaccurate and without legal merit.

Under the terms of the plea agreement, Petitioner agreed to waive any right to appeal, or to collaterally attack his conviction and sentence, unless the Court imposed a custodial sentence greater than the high end of the guideline range recommended by the Government pursuant to the plea agreement. See Plea Agreement ¶ XI.[2] During the plea proceedings, Petitioner clearly acknowledged that he understood, that by entering the plea agreement, he was waiving his rights to appeal and collateral attack.

Petitioner waived both the right to appeal and the right to collaterally attack the judgment and sentence as part of his plea agreement. Because Petitioner does not challenge the validity of the waiver, the Court finds that the waiver should be enforced. A knowing and voluntary waiver of a statutory right is enforceable. *United States v. Navarro-Botello*, 912 F.2d 318, 321 (9th Cir.

---

[2] In exchange, the Government agreed to recommend several downward adjustments and a downward departure. Specifically, the Government recommended a two-level downward adjustment should Petitioner truthfully provide all information he knew about the offense, a two-level downward adjustment for his minor role in the offense, a three-level downward adjustment for his acceptance of responsibility, and a two-level downward departure under the early disposition or "fast track" program.

1990). The right to collaterally attack a sentence under 28 U.S.C. § 2255 is statutory in nature, and a defendant may therefore waive the right to file a § 2255 petition. *See, e.g., United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993) (by entering plea agreement waiving right to appeal sentencing issues, defendant relinquished his right to seek collateral relief from his sentence on the ground of newly discovered exculpatory evidence).

The scope of a § 2255 waiver may be subject to potential limitations. For example, a defendant's waiver will not bar an appeal if the trial court did not satisfy certain requirements under Rule 11 of the Federal Rules of Criminal Procedure to ensure that the waiver was knowingly and voluntarily made. *Navarro-Botello*, 912 F.2d at 321. Such a waiver might also be ineffective where the sentence imposed is not in accordance with the negotiated agreement, or if the sentence imposed violates the law. *Id.*; *United States v. Littlefield*, 105 F.3d 527, 528 (9th Cir. 1996). Finally, a waiver may not "categorically foreclose" defendants from bringing § 2255 proceedings involving ineffective assistance of counsel or involuntariness of waiver. *Abarca*, 985 F.2d 1012, 1014; *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1992). In this case, none of these potential limitations on the validity of Petitioner's waiver are applicable. First of all, the record indicates that Petitioner knowingly and voluntarily entered into the Plea agreement and that the requirements of Rule 11 were adhered to. Secondly, the sentence imposed by the Court was in accordance with the negotiated agreement, and in accordance with the applicable sentencing guidelines.

In regards to Petitioner's ineffective assistance of counsel claims, the Sixth Amendment to the Constitution provides that every criminal defendant has the right to effective assistance of counsel. In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court enunciated the test for determining whether a criminal defendant's counsel rendered ineffective assistance. In order to sustain a claim of ineffective assistance of counsel, the petitioner has the burden of showing both: 1) that his defense counsel's performance was deficient; and, 2) that this deficient performance prejudiced his defense. *Strickland* 466 U.S. at 690-92; *Hendricks v. Calderon*, 70 F.3d 1032, 1036 (9th Cir. 1995).

...

1    To satisfy the deficient performance prong of the *Strickland* test, the Petitioner must show
2 that his counsel's advice was not "within the range of competence demanded of attorneys in
3 criminal cases." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985). In considering this issue, there is a
4 "strong presumption that counsel's conduct falls within a wide range of acceptable professional
5 assistance." *Strickland*, 466 U.S. at 689. Moreover, *post-hoc* complaints about the strategy or
6 tactics employed by defense counsel are typically found to be insufficient to satisfy the first
7 prong of *Strickland*. *See, e.g., United States v. Simmons*, 923 F.2d 934, 956 (2nd Cir. 1991)
8 (appellant's displeasure with strategy employed by trial counsel insufficient to establish
9 ineffectiveness). To satisfy the second prong, a section 2255 petitioner must show that he was
10 prejudiced by the deficient representation he received. The focus of the prejudice analysis is on
11 whether the result of the proceeding was fundamentally unfair or unreliable because of counsel's
12 ineffectiveness. *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993).

13    Here, Petitioner has not identified any aspect of his trial counsel's performance that could
14 be considered outside the range of competence demanded of attorneys in criminal cases.
15 Contrary to Petitioner's position, Petitioner's counsel did present mitigating evidence for
16 Petitioner's sentencing and made the appropriate objections. Petitioner's attorney attached a
17 total of 24 exhibits to Petitioner's sentencing memorandum. These attachments included letters
18 on behalf of Petitioner, documents substantiating Petitioner's employment, and documents
19 evidencing Petitioner's absence of criminal history in Mexico. In addition, Petitioner's attorney
20 described Petitioner's economic and family situation, both in the sentencing memorandum and at
21 the time of sentencing. Counsel also highlighted the mitigating evidence during her argument
22 that Petitioner should receive a lesser sentence of 15 months' custody pursuant to the 18 U.S.C.
23 § 3553(a) factors. The Court finds that Petitioner's counsel performed competently.

24    Accordingly, the Court finds that none of the recognized limitations to a defendant's
25 waiver of the right to bring a § 2255 motion are present in this case. Therfore, the collateral
26 attack waiver provision in Petitioner's plea agreement will be enforced.
27 ...
28 ...

**CONCLUSION**

For the reasons set forth above, the Court finds that Petitioner has waived his right to collaterally challenge his conviction and sentence in this matter. Accordingly, Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

DATED: February 8, 2008

_____
M. James Lorenz
United States District Court Judge